# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 20-480V
UNPUBLISHED

| | |
|---|---|
| TIMOTHY RAWLINGS,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: June 9, 2023<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Bridget Candace McCullough*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Zoe Wade*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On April 21, 2020, Timothy Rawlings filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Table Injury – Guillain-Barre Syndrome ("GBS") – as a result of his November 20, 2017 influenza ("flu") vaccination. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On August 17, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On June 8, 2023, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded compensation on the terms set forth therein. Proffer at 1-5. In the Proffer, Respondent represented that

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award**

**A. A lump sum payment of $126,239.58, representing compensation for life care expenses expected to be incurred during the first year after judgment ($19,199.58), pain and suffering ($106,500.00), and past unreimbursable expenses ($540.00), in the form of a check payable to Petitioner, Timothy Rawlings;**

**B. A lump sum payment of $2,062.23, representing compensation for satisfaction of an Aetna Better Health of Kansas Medicaid lien, payable jointly to Petitioner and**

**Equian
PO Box 182643
Columbus, OH 43218
Equian Event No.: 60361918
Patient Name: Timothy Rawlings
Attn: Teron Davis**

**Petitioner agrees to endorse this payment to the Equian; and**

**C. An amount sufficient to purchase the annuity contract, described in the Section II. C of the Proffer, that will provide payments for the life care items contained in the life care plan, as illustrated by the chart at Appendix A of the Proffer, attached hereto, paid to the life insurance company from which the annuity will be purchased.**

This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                                         **s/Brian H. Corcoran**
                                                                         Brian H. Corcoran
                                                                         Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TIMOTHY RAWLINGS,<br><br>            Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | No. 20-480V<br>Chief Special Master Corcoran<br>ECF |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On April 21, 2020, Timothy Rawlings ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that he suffered Guillain-Barré Syndrome ("GBS") as a result of receiving an influenza ("flu") vaccination administered on November 20, 2017.  Petition at 1.  On August 17, 2021, the Secretary of Health and Human Services ("respondent") filed his Rule 4(c) Report conceding that petitioner is entitled to compensation in this case, concluding that petitioner suffered GBS following a flu vaccine he received on November 20, 2017.  ECF No. 29.  On August 17, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation.  ECF No. 30.

**I.**    **Items of Compensation**

      A.    Life Care Items

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, CLCP, and petitioner engaged life care planner Roberta Hurley, Hurley Consulting, to provide an estimation of petitioner's future vaccine-injury related needs.  For the purposes of this proffer, the term

"vaccine related" is as described in the respondent's Rule 4(c) Report. All items of compensation identified in the life care plan are supported by the evidence, and are illustrated by the chart entitled Appendix A: Items of Compensation for Timothy Rawlings, attached hereto as Tab A. Respondent proffers that petitioner should be awarded all items of compensation set forth in the life care plan and illustrated by the chart attached at Tab A.[1] Petitioner agrees.

    B.    <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $106,500.00 in actual and projected pain and suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

    C.    <u>Past Unreimbursable Expenses</u>

Evidence supplied by petitioner documents his expenditure of past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $540.00. Petitioner agrees.

    D.    <u>Aetna Better Health of Kansas Medicaid Lien</u>

Respondent proffers that Timothy Rawlings should be awarded funds to satisfy an Aetna Better Health of Kansas Medicaid Lien in the amount of $2,062.23, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action may have against any individual as a result of any Medicaid payments that Aetna Better Health of Kansas has made to or on behalf of Timothy Rawlings from the date of his eligibility for benefits

---

[1] The chart at Tab A illustrates the annual benefits provided by the life care plan. The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

through the date of judgment in this case as a result of his vaccine-related injury suffered on or about November 20, 2017, under Title XIX of the Social Security Act.

II.     **Form of the Award**

The parties recommend that the compensation provided to petitioner should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[2]

A.  A lump sum payment of $126,239.58, representing compensation for life care expenses expected to be incurred during the first year after judgment ($19,199.58), pain and suffering ($106,500.00), and past unreimbursable expenses ($540.00), in the form of a check payable to petitioner, Timothy Rawlings.

B.  A lump sum payment of $2,062.23, representing compensation for satisfaction of an Aetna Better Health of Kansas Medicaid lien, payable jointly to petitioner and

>  Equian
>  PO Box 182643
>  Columbus, OH 43218
>  Equian Event No.: 60361918
>  Patient Name: Timothy Rawlings
>  Attn: Teron Davis

Petitioner agrees to endorse this payment to the Equian.

C.  An amount sufficient to purchase an annuity contract,[3] subject to the conditions described below, that will provide payments for the life care items contained in the life care plan,

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering.

[3] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

as illustrated by the chart at Tab A, attached hereto, paid to the life insurance company[4] from which the annuity will be purchased.[5]  Compensation for Year Two (beginning on the first anniversary of the date of judgment) and all subsequent years shall be provided through respondent's purchase of an annuity, which annuity shall make payments directly to petitioner, Timothy Rawlings, only so long as petitioner is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

1. <u>Growth Rate</u>

Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of

---

[4]  The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

   a. A.M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

   b. Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

   c. Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

   d. Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

    2.    <u>Life-contingent annuity</u>

Petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as he, Timothy Rawlings, is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of Timothy Rawlings's death.

    3.    <u>Guardianship</u>

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.

**III.**    **<u>Summary of Recommended Payments Following Judgment</u>**

    A.    Lump Sum paid to petitioner, Timothy Rawlings:    **$126,239.58**

    B.    Medicaid lien:    **$ 2,062.23**

    C.    An amount sufficient to purchase the annuity contract described above in section II.C.

---

[5] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System of Records, No. 09-15-0056.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER E. PEARLMAN
Deputy Director
Torts Branch, Civil Division

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

*/s/ Zoë R. Wade*
ZOË R. WADE
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 598-7696
Email: zoe.wade@usdoj.gov

Dated:   June 8, 2023

Appendix A: Items of Compensation for Timothy Rawlings    Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | * | M | Lump Sum Compensation Year 1<br>2023 | Compensation Years 2-4<br>2024-2026 | Compensation Years 5-10<br>2027-2032 | Compensation Year 11<br>2033 | Compensation Year 12<br>2034 | Compensation Year 13<br>2035 | Compensation Years 14-Life<br>2036-Life |
|---|---|---|---|---|---|---|---|---|---|---|
| Medicare Part B Deductible | 5% | * | | | | | | | | |
| Medicare Advantage | 5% | | | | | | | 348.00 | 348.00 | 348.00 |
| Gabapentin | 5% | | | 180.00 | 180.00 | 180.00 | 180.00 | 96.00 | 96.00 | 96.00 |
| Amitriptyline | 5% | | | 190.20 | 190.20 | 190.20 | 190.20 | 190.20 | 190.20 | 190.20 |
| Buprenophine | 5% | | M | 1,903.80 | 1,903.80 | | | | | |
| Neurology | 5% | * | | 284.00 | 284.00 | 284.00 | 284.00 | 35.00 | 35.00 | 35.00 |
| Pain Specialist | 5% | | | 2,400.00 | 800.00 | | | | | |
| Physical Therapy | 4% | | | 1,440.00 | 591.00 | 591.00 | 591.00 | 100.00 | 100.00 | 100.00 |
| Occupational Therapy | 4% | | | 1,440.00 | 111.00 | 111.00 | 111.00 | 20.00 | 20.00 | 20.00 |
| YMCA | 4% | * | | 408.00 | 408.00 | 408.00 | 408.00 | | | |
| AFOs | 4% | * | | 500.00 | 500.00 | 500.00 | | | 300.00 | 100.00 |
| Walker | 4% | * | | 189.70 | 37.94 | 37.94 | 37.94 | 7.59 | 7.59 | 7.59 |
| Raised Toilet Seat | 4% | * | | 79.99 | 16.00 | 16.00 | 16.00 | 3.20 | 3.20 | 3.20 |
| Lift Chair | 4% | * | | 900.00 | | | 900.00 | 13.00 | 13.00 | 13.00 |
| Shower Chair | 4% | | | 41.93 | 8.39 | 8.39 | 8.39 | 8.39 | 8.39 | 8.39 |
| Crutches | 4% | | | 49.99 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 | 10.00 |
| Gel Seat Cushion | 4% | * | | 39.97 | 13.32 | 13.32 | | | 7.99 | 2.66 |
| Home Health Aide | 4% | | M | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 | 9,152.00 |
| Pain and Suffering | | | | 106,500.00 | | | | | | |
| Past Unreimbursable Expenses | | | | 540.00 | | | | | | |
| Medicaid Lien | | | | 2,062.23 | | | | | | |
| Annual Totals | | | | 128,301.81 | 14,205.65 | 11,501.85 | 11,888.53 | 9,983.38 | 10,291.37 | 10,086.04 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to petitioner for Yr 1 life care expenses ($19,199.58), pain and suffering (106,500.00), and past unreimbursable expenses ($540.00): $126,239.58.
As soon as practicable after entry of judgment, respondent shall make the following payment jointly to petitioner and Equian, as reimbursement for an Aetna Better Health of Kansas Medicaid lien: $2,062.23.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated above in column G.R., compounded annually from the date of judgment.
Items denoted with an asterisk (*) covered by health insurance and/or Medicare.
Items denoted with an "M" payable in twelve monthly installments totaling the annual amount indicated.